IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Doug Hogg, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:20-cv-2064-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Samantha Waters, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Doug Hogg ("Plaintiff") originally filed this eviction action against Defendant Samantha Waters in the East Greenville Summary Court in Greenville County, South Carolina. (ECF No. 1-1). On June 1, 2020, Defendant, proceeding *pro se* and *in forma pauperis*, filed a "Petition for Removal and Federal Stay of Eviction Pursuant to 28 USC 1441 (B)" (the "Petition"), which the court construed as a notice of removal. (ECF Nos. 1, 6). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court deny the Petition and remand this matter back to the state court for lack of subject matter jurisdiction. (ECF No. 8). Defendant filed objections to the Report, (ECF No. 11), and this matter is now ripe for review.

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. *See* (ECF No. 8). The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the

1

recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

Additionally, since Defendant is proceeding *pro se*, this court is charged with construing her filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can construct Defendant's legal arguments for her, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Although Defendant filed objections to the Report, none of her objections specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 11). In particular, Defendant asserts that the Report is "unconstitutional with respect to the 'DUE PROCESS CLAUSE' 14th Amendment and 5th Amendment's Due Process" and "with respect to 'TRIAL BY JURY' 7th Amendment of the U.S. Constitution." *Id*. at 1–2. These objections are non-specific and entirely unrelated to the dispositive portions of the Report or even the case itself. *See id*. Accordingly, Defendant's objections are without merit.

Nevertheless, liberally construing the objections, the court is able to glean that Plaintiff objects to the magistrate judge's recommendation that the case be remanded for lack of subject

matter jurisdiction. *See id*.; (ECF No. 8). However, as noted by the magistrate judge, Plaintiff has failed to establish any basis for this court to exercise jurisdiction over this case. *See* (ECF No. 8 at 4–7). Therefore, Defendant's objections have no merit.

Thus, having thoroughly reviewed the record, the Report, and Defendant's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 8), and incorporates it herein. Accordingly, Defendant's Petition (ECF No. 1) is **DENIED** and this matter is hereby **REMANDED** to the Greenville County magistrate court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
October 13, 2020

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.